**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Bradley D. Gardner (SBN: 011211)
bdg@udallshumway.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Donald Gentrup,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Security Industry Specialists, Inc., a corporation.<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

　　　　Plaintiff Donald Gentrup ("Plaintiff"), through undersigned counsel, alleges the following facts and claims against Defendant Security Industry Specialists, Inc., ("Defendant"), and demands a trial by jury pursuant to the Federal Rules of Civil Procedure, Rules of Civil Procedure, Rule 3, 7(a)1, 8(a) and 38(a) and (b).

**General Allegations**

　　　　1.　　This is an action of discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 1991, 42 U.S.C. §2000e ("Title VII").

　　　　2.　　This Court has jurisdiction over this case under 28 U.S.C. §1331.

3. Venue is proper in this District under 28 U.S.C. §1391 as most or all of the acts alleged herein occurred within the geographic region covered by this District of Arizona.

4. Plaintiff is a fifty-nine (59) years old Caucasian male.

5. Plaintiff is a citizen of the United States of America residing in Maricopa County, Arizona.

6. Defendant is a foreign, for-profit corporation with operating subsidiaries located within this District.

7. Plaintiff alleges that Defendant is legally responsible for the acts and/or omissions giving rise to this cause of action and is legally and proximately responsible for damages as alleged herein.

**Nature of Case**

8. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

9. Plaintiff was hired by Defendant in December 2015 as a Security Specialist.

10. Throughout his employment, Plaintiff had positive performance reviews, had never been written up or received any formal disciplinary action.

11. Plaintiff also had another younger Shift Supervisor, a Hispanic (Puerto Rican) male in his forties, Rolando Rodriguez ("Mr. Rodriguez").

12. Mr. Rodriguez would often tell Plaintiff he was doing a good job.

2

13. During Plaintiff's shift on December 7, 2020, Mr. Rodriguez approached Plaintiff's guard post and proceeded to question whether Plaintiff had been sleeping, to which Plaintiff stated he had not.

14. Plaintiff was shocked to receive a telephone call later that morning from a Human Resources representative who informed Plaintiff he was under investigation and not to return to work until the investigation was complete.

15. Plaintiff was supposed to have a meeting with Human Resources on December 9, 2020 to discuss the investigation and allow Plaintiff the opportunity to provide his version of events, however, this meeting was canceled and never rescheduled.

16. On December 14, 2020 Plaintiff was called to a meeting with Human Resources representative, Pierre Stewart, Manager Roy Emanuel, and Mr. Eldridge.

17. To Plaintiff surprise, this turned out to be a termination meeting.

18. In the separation form given to Plaintiff, it stated that Mr. Rodriguez observed Plaintiff "unresponsive for 2 minutes".

19. Plaintiff was informed that Defendant had video surveillance of him sleeping at his post, and when Plaintiff requested to see the video proof, Defendant's representatives refused to provide it to him.

20. Plaintiff was never given the opportunity to defend himself and was terminated for alleged gross misconduct.

21. Plaintiff was aware of the surveillance placement at the guard post he was stationed at on the night of the incident.

22. Upon information and belief, there was no surveillance camera in a position that would have corroborated Mr. Rodriguez's claim that Plaintiff was sleeping and/or unresponsive.

23. Plaintiff reached out to the Equal Employment Opportunity Commission ("EEOC") on or around December 29, 2020 to begin the complaint process.

24. Plaintiff had his interview with the EEOC on January 8, 2021 and his Charge of Discrimination was finalized on February 5, 2021.

25. On April 23, 2021 Plaintiff's counsel sent a letter to Defendant requesting the video surveillance proof it is alleging to have in its possession.

26. To date, Defendant has failed and refused to provide such proof to support its reason for termination.

27. Plaintiff was discriminated against for being an older male and Caucasian in race, and wrongfully terminated from his employment.

28. Plaintiff has been damaged as a result of Defendant's actions.

### First Cause of Action
### Race Discrimination in Violation of Title VII

29. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

30. Plaintiff was discriminated against because of his race (Caucasian), in violation of the Title VII.

31. It is a violation of Title VII to discharge an individual because of such individual's race or ethnicity.

4

32. Defendant violated Title VII by discharging Plaintiff because of his race or ethnicity.

33. As a direct and proximate result of Defendant's violations of Title VII, such conduct has caused Plaintiff substantial loss of compensation and benefits up to the date of this complaint and into the future.

34. As a direct and proximate result of Defendant's actions, Plaintiff has experienced physical and emotional distress.

35. Plaintiff is entitled to recover damages, including but not limited to his lost compensation, future pecuniary and nonpecuniary losses, physical and emotional pain and suffering, punitive damages, interest, attorneys' fees, and costs.

### Second Cause of Action
### Age Discrimination in Employment Act of 1967

36. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

37. Defendant subjected Plaintiff to discrimination because of he is fifty-nine (59) years old. After five years of service to Defendant, they summarily fired Plaintiff by a handful of individuals who were younger in age.

38. Defendant marginalized Plaintiff while treating younger similarly situated employees more favorably.

39. It is a violation of the Age Discrimination in Employment Act ("ADEA"), to discharge an individual because of such individual's age.

40. Plaintiff is entitled to recover damages, including but not limited to, his lost compensation, liquidated damages, attorneys' fees, and costs as a consequence of Defendant's violation of the age discrimination laws.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. Grant a declaratory judgment that the conduct of the Defendant as described above violated Plaintiff's rights under Title VII, and further violated the ADEA, 29 U.S.C. 623, 630 and 631;

B. Grant an injunction ordering Defendant not to discriminate against Plaintiff and others similarly situated;

C. Award Plaintiff general damages, nominal damages, compensatory damages, and punitive damages against Defendant in an amount to be determined at trial;

D. Award Plaintiff liquidated damages incurred in connection with his age discrimination;

E. Award Plaintiff his attorneys' fees and costs under the aforementioned discrimination statutes; and,

F. Award Plaintiff all other relief just and appropriate under the circumstances.

/ / /

/ / /

/ / /

/ / /

**Demand for Jury Trial**

Pursuant to the Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury.

**DATED:**

                                    **UDALL SHUMWAY PLC**

                                    By: /s/ Bradley D. Gardner
                                          Bradley D. Gardner, Esq.
                                          1138 North Alma School Road, Suite 101
                                          Mesa, Arizona 85201
                                          *Attorney for Plaintiff*

6042173.1/119344.1